## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ANDREA BUCCHERE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BERTUCCI'S RESTAURANT CORP., and BERTUCCI'S CORPORATION

    Defendant.

May 20, 2010

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Andrea Bucchere, individually and on behalf of all others similarly situated, as class representative, by her attorney, alleges as follows:

### INTRODUCTION

This is an action under state and federal for unpaid minimum wages earned by servers in Bertucci's restaurants around the country.

1. Defendants Bertucci's Restaurant Corp. and Bertucci's Corporation are foreign corporations which own and operate a chain of approximately 90 casual dining restaurants located throughout the eastern United States and employ hundreds of servers whose primary duties are to wait on customers in their restaurants.

2. Under state and federal law, restaurant employers are permitted to take a credit on account of tips received by servers and pay those employees an hourly wage less than the normal minimum wage. Restaurants may not take that credit, however, for work which is not service work and must pay for that time at the applicable full minimum wage.

1

3. Throughout the relevant period, it has been Defendants' policy take the tip credit and pay less than the applicable minimum wages for time its servers spent performing non-service, non-tip producing duties.

4. By this conduct, Defendants have violated the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA") by failing to pay Plaintiff and other servers, proper minimum wages as required by law. These violations arose out of Defendants' uniform company-wide policies.

5. Plaintiff brings this action on behalf of herself and similarly situated current and former Bertucci's servers whose minimum wage rights have been violated.

## THE PARTIES

*Plaintiff Andrea Bucchere*

6. Plaintiff Bucchere is an adult individual who is a resident of Lebanon, Connecticut. Bucchere was employed by Defendants as a server its Manchester, Connecticut location from September 2008 through July 2009.

7. Bucchere is a covered employee within the meaning of the FLSA.

*Defendants*

8. Defendant Bertucci's Restaurant Corp. is a Massachusetts corporation with corporate headquarters at 155 Otis Street, Northborough, Massachusetts.

9. Defendant Bertucci's Corporation is a Delaware corporation with corporate headquarters at 155 Otis Street, Northborough, Massachusetts.

10. Upon information and belief, Defendants own and operate over 90 restaurants in 10 states, 12 of which are in Connecticut.

11. Defendants maintain control, oversight, and direction over the operation of the

2

restaurants in which Plaintiff and the Class Members worked, including the payroll and other employment practices therein.

12. Defendants functioned as the "employer" of the putative class as that term is used in all relevant laws.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiff's and the Class Members' state law claims pursuant to 28 U.S.C. § 1367.

14. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. This court also has jurisdiction under the Class Action Fairness Act (CAFA). The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

17. Plaintiff's claims involve matters of national or interstate interest.

18. Citizenship of the members of the proposed class is dispersed among a substantial number of states.

19. Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of the same state.

20. Upon information and belief, Defendants are subject to personal jurisdiction in Connecticut.

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

22. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in Connecticut.

## BACKGROUND FACTUAL ALLEGATIONS

23. Plaintiff and all other servers in Defendants' restaurants are routinely assigned non-service, non-tip producing duties in the nature of general cleaning and stocking of the restaurant. These duties are required of every server during every shift and occupy more than 20% of each server's shift.

24. These general cleaning and stocking duties were usually performed after the end of a server's shift.

25. The time spent performing these general cleaning and stocking duties was not paid at the full minimum wage and instead the Defendants took the tip credit against the minimum wage for these hours.

26. Despite their job duties, Defendants intentionally denied Plaintiff and the Class Members the full minimum wage in order to avoid liability for minimum wage payments properly due Plaintiff and the Class Members.

27. Defendants' practices as described are mandated by Defendants through their policies and procedures, which are created and implemented in each restaurant by their corporate offices. These procedures are contained in Defendants' policies and procedures manuals and employee handbooks and are taught uniformly by corporate trainers.

28. Defendants fail and refuse to pay the full minimum wage for the hours Plaintiff and other servers spend performing these non-service duties pursuant to its centrally created and uniformly applied policy of taking the tip credit for all hours worked by servers regardless of whether the servers engaged in tip-producing work during those hours.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### On behalf of Plaintiff and the FLSA Collective

29. Plaintiff brings the First Cause of Action pursuant to the FLSA on behalf of herself and all similarly situated persons who have worked for Defendant as servers during the three years immediately preceding the filing of this lawsuit who elect to opt-in to this action (the "FLSA Collective").

30. Under the FLSA, there are limitations as to when a restaurant employer may take the tip credit. Where tipped employees are routinely assigned to maintenance, or where tipped employees spend a substantial amount of time (in excess of 20%) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.

31. Defendants have violated this law by taking the tip credit for time spent performing non-tip producing work which is assigned routinely and/or which exceeds 20% of the servers' shifts.

32. There are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

5

33. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

34. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
**Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 *et seq.*
On behalf of Plaintiff and the CMWA Rule 23 Class**

35. Plaintiff brings a CMWA claim on behalf of herself and all similarly situated persons who have worked for Defendants as servers in Connecticut during the two years immediately preceding the filing of this lawsuit.

36. Under the Connecticut Minimum Wage Act, restaurant employers may take a tip credit only for service work and work that is incidental to service. Non-service work including work in the nature of general cleaning and stocking must be paid at the full minimum wage.

37. Connecticut Regulations provide that if an employee performs both service and non-service duties, the employer is required to "segregate" the time spent on each and may only take the tip credit for the work in the service category. Conn. Reg. § 31-62-E4.

38. Connecticut Regulations further provide that if an employee performs both service and non-service duties, and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowances for gratuities may be applied as part of the minimum wage. *Id.*

39. Defendants have violated this law as to Plaintiff and all class members by taking the tip credit for non-service work and failing to pay for those hours at the full Connecticut minimum wage.

40. Plaintiff brings this action as a class action. The class is comprised of the following individuals (the "Class Members"):

> All current or former employees of Bertucci's during the two (2) years immediately preceding the filing of the Complaint in this action who worked in any of Bertucci's Connecticut restaurants in the position of "Server", and who were not paid the full applicable fair minimum wage, exclusive of tips, for all hours worked.

41. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

42. As to the class claims set forth herein, the named Plaintiff sues on behalf of herself and all other members of the above-defined class. Class certification for the claims is appropriate under Fed. R. Civ. P. 23(a) and (b)(3) because all of the requirements of those Rules are met.

43. The class is so numerous that joinder of all members is impractical. Defendants operated twelve (12) restaurants in Connecticut during the applicable time period, each employing dozens of servers during the preceding two years. Defendants have, on information and belief, well over one hundred former and/or current servers meeting the class definition set forth above throughout the State of Connecticut. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, the named Plaintiff is informed and believes, based on the number of restaurants and the number of servers at their place of employment, that there are likely several hundred who have worked for Defendants without receiving appropriate pay under the CMWA and the applicable

regulations of the State of Connecticut Department of Labor.

44. There are questions of law and fact common to the class, especially, the questions of whether the practices alleged above exist and were applied to all class members.

45. The named Plaintiff's claims are typical of those of the class members. The named Plaintiff's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, the named Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to whether the CMWA and the applicable regulations of the State of Connecticut Department of Labor are violated by such conduct apply equally to the named Plaintiff and to the class.

46. The named Plaintiff will fairly and adequately protect the interests of the class. The named Plaintiff's claims are not antagonistic to those of the putative class and they have retained counsel skilled in employment litigation and in the prosecution of class actions.

47. Common questions of law and fact predominate over questions affecting only individuals.

48. A class action is superior to other methods for the fair and efficient adjudication of the controversy. While the individual compensatory damage suffered by each class member is not insignificant, it is not substantial enough to justify the expense and burden of individual litigation. To conduct this action as a class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

49. As a result of Defendants' violations of the CMWA, Plaintiff and the members of the class have suffered damages by being denied minimum wages in accordance with the CMWA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

    A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants as servers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    B.    Unpaid wages;

    C.    An additional and equal amount as liquidated damages under the FLSA;

    D.    Certification of the CMWA claims in this action as a class action and that the case proceed as a collective action as to the FLSA claims. (Plaintiff reserves the right to plead individual state law wage claims for individuals who will join this action and put Defendants on notice that they may seek to do so);

    E.    Liquidated Damages under the Connecticut Minimum Wage Act;

    F.    Designation of the named Plaintiff as Class Representative;

    G.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

    H.    Appropriate equitable and injunctive relief to remedy Defendants' violations, including but not necessarily limited to an order enjoining Defendants from

continuing its unlawful practices;

    I.    Pre-Judgment and Post-Judgment interest, as provided by law;

    J.    Attorneys' fees and costs of suit, including expert fees; and

    K.    Such other injunctive and equitable relief as the Court may deem just and proper.

<u>Plaintiff claims a trial by jury for all issues so triable.</u>

ANDREA BUCCHERE, individually and on behalf of others similarly situated,

By: _____

Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
**Attorney for Plaintiff and the Putative Class**